UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 22-50 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| EVARISTO CONTRERAS SILVA | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

In the above-captioned case, the Defendant has been indicted with unlawful possession of a firearm and ammunition. The Government has filed a motion in limine requesting permission to introduce evidence of the Defendant's alleged February 2, 2022, threat to use a gun and his confession to possessing a gun, as evidence that is intrinsic to the charged offense. [Record Document 41]. For the reasons set forth below, the motion is granted.

At the July 7, 2022, pretrial conference in this case, the Court addressed a similar issue. See Record Document 39. At that time, the Government sought to admit evidence of an incident on February 12, 2022 that resulted in the Defendant's wife, Sarah Edge ("Edge"), contacting Bossier Parish Sheriff's Office to report that the Defendant threatened to kill her. She reported that she was pregnant with another man's child, and when the Defendant learned of this, he announced he was going to shoot her in the stomach; he then allegedly went outside to the truck to retrieve his gun. After the Defendant's arrest, the Bossier Parish Sheriff's Office alerted both ATF and Immigration. ATF agents obtained a search warrant for the truck and found a loaded firearm inside. Authorities discovered ammunition inside the house.

1

The defense has conceded that the February 12, 2022 incident is admissible as evidence intrinsic to the charged offense. The Government represented at trial that it would not elicit testimony with regard to the Defendant allegedly hitting Edge in the face during this event. While it could introduce evidence of the Defendant's threat to shoot Edge and that fact that he ultimately was arrested for domestic abuse, the Government could not further address the details of the domestic abuse incident that day, unless the defense opened the door to this evidence. Mr. Harville acknowledged that he may have to open the door to attack Edge's credibility and motive. The Court explained that if the Government believes the defense has opened the door to additional testimony about domestic abuse, it must approach the Court and receive permission to proceed with this line of inquiry.

The instant motion seeks to introduce evidence of a similar threat that occurred ten days prior, on February 2, 2022. On that day, Edge told the Defendant she was pregnant with another man's baby. In response, the Defendant allegedly told Edge to have an abortion or he would shoot her in the stomach, thus killing both her and the unborn child. Edge reported the encounter to Deputy Bryan Bell at the Bossier Parish Sheriff's Office. Deputy Bell spoke with the Defendant and during that conversation, Deputy Bell asked the Defendant if he had a firearm. The Defendant admitted he kept one in his truck.

The defense concedes the February 2, 2022 evidence that the Defendant threatened to shoot Edge and/or that he admitted to keeping a firearm in his truck is generally admissible, relevant, and not unduly prejudicial. Record Document 46.

However, the Defendant requests the Court defer ruling until the defense can discern how the evidence will be introduced at trial and so it may make a contemporaneous objection. The defense also objects to the introduction of any evidence relating to other violence or threats that occurred on February 2, 2022, any evidence of Edge's pregnancy,[1] and any evidence that the Defendant wanted Edge to have an abortion. Defense counsel submits that this type of evidence would generate undue prejudice and undue sympathy, especially as to abortion. See id.

The evidence of the Defendant's threat to shoot Edge and his admission to possessing a firearm is plainly intrinsic to the charged offense; the defense acknowledges as much. "Evidence of an act is intrinsic when it and evidence of the crime charged are inextricably intertwined, or both acts are part of a single criminal episode, or it was a necessary preliminary to the crime charged. Intrinsic evidence is admissible to complete the story of the crime by proving the immediate context of events in time and place and to evaluate all of the circumstances under which the defendant acted." United States v. Girod, 646 F.3d 304, 319 (5th Cir. 2011). Intrinsic evidence naturally "allow[s] the government to tell the whole story of a . . . criminal episode." United States v. Rice, 607 F.3d 133, 141 (5th Cir. 2010). "Evidence that is inextricably intertwined with the evidence used to prove a crime charged is not extrinsic evidence under Rule 404(b)." United States v. Royal, 972 F.2d 643, 647 (5th

---

[1] The fact that the Defendant threatened to shoot Edge because and/or while she was pregnant is part of the February 12, 2022 evidence already deemed admissible in the pretrial conference ruling. See Record Document 39. At that conference, the defense did not object to the jury learning that Edge was pregnant. The defense's current stance is inconsistent with its previous position on this evidence.

3

Cir. 1992) (internal marks omitted).  When the evidence is intrinsic to the charged offenses, "it is not *other* bad acts evidence, but rather additional facts surrounding the charge[s] at issue."  United States v. Lockhart, 844 F.3d 501, 512 (5th Cir. 2016).  Because "[i]ntrinsic evidence does not implicate rule 404(b), . . . consideration of its admissibility pursuant to [that rule] is unnecessary."  Rice, 607 F.3d at 141.

Here, the Government's proffered evidence squarely fits the definition of intrinsic evidence.  This evidence places the charged conduct in context and completes the story behind the criminal activity alleged in the indictment.  That is, this evidence helps the Government explain why Edge contacted the Bossier Parish Sheriff's Office, why she knew or had reason to know the Defendant had a gun, what the Defendant threatened to do with the gun, and why police searched the truck and the residence.  The February 2, 2022 event occurred approximately ten days before the Defendant's arrest on the instant charge, it involves the same two characters—the Defendant and Edge—, it involves the same weapon charged in the indictment, and, more importantly, it places a gun in the Defendant's possession at the relevant time.  Hence, this evidence is directly relevant to a disputed element of the offense.

The Court finds that evidence of the threat to shoot Edge and the admission to possession of a firearm is admissible as intrinsic to the charged offense.  The Court will permit Edge or another competent witness to testify to the specifics of the threat, including what precipitated the threat and the precise context of the threat, i.e., that the Defendant threatened (1) to shoot Edge in the stomach specifically because she was pregnant with someone else's baby and (2) that he would shoot her and kill both

4

her and the baby unless she had an abortion. The details of the threat are critical here, as they "complete the story of the crime by proving the immediate context of events in time and place and [allow the jury] to evaluate all of the circumstances under which the defendant acted," Girod, 646 F.3d at 319, and the details allow the Government "to tell the whole story" of what happened, Rice, 607 F.3d at 141.

The Fifth Circuit has held that the Federal Rule of Evidence 403 balancing test should *generally* not be used to exclude intrinsic evidence because intrinsic inculpatory evidence is by its very nature prejudicial. See United States v. Sudeen, 434 F.3d 384, 389 (5th Cir. 2005). Here, even if the probative value was weighed against the danger of undue prejudice, the Court finds the evidence is not unduly prejudicial under the circumstances.

Accordingly, the Government's motion in limine to admit intrinsic evidence, consisting of the details of the February 2, 2022, threat and the admission to possession of a firearm [Record Document 41], is **GRANTED**.[2] As previously ordered, though, the Government is otherwise precluded from delving into the past history of domestic abuse between the Defendant and Edge, as well as any domestic abuse that occurred on February 2 or February 12, 2022, outside of the specific details deemed admissible. See Record Document 39. The defense's objection is preserved for the

---

[2] The Government did not meaningfully advocate for admission of the evidence under Rule 404(b), but instead simply represented in a footnote that "this Court could admit the evidence as proof of Contreras' motive, opportunity, intent, plan, knowledge, and lack of mistake." Record Document 41, p. 6 n.1. Because this alternative method of admissibility has not been briefed or analyzed by the Government, the Court declines to address it.

record; the defense may make a contemporaneous objection at the time the evidence is introduced at trial.

**THUS DONE AND SIGNED** this 9th day of August, 2022.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE