UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 22-50-01 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| EVARISTO CONTRERAS SILVA | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a motion for a judgment of acquittal, filed by the Defendant, Evaristo Contreras Silva ("Contreras"). See Record Document 70. This motion is opposed by the Government. Record Document 72. For the following reasons, the motion for judgment of acquittal [Record Document 70] be and is hereby **DENIED**.

I.  Background.

On March 9, 2022, a one count indictment was returned by a federal grand jury charging Contreras with being an unlawful alien who, on or about February 18, 2022, knowingly possessed a firearm and ammunition. Record Document 17. Contreras proceeded to a jury trial during which he stipulated to all elements of the crime except that, at the time of the offense, he was an alien unlawfully in the United States and that he knew of his unlawful status.[1] After the close of evidence on the second day of trial, Contreras made an oral motion for judgment of acquittal, which the Court denied. Later

---

[1] Contreras also did not stipulate to knowingly possessing the Lake City ammunition, caliber: 5.56, which was found inside his residence. He did, however, stipulate to knowingly possessing another type of ammunition, as well as the firearm at issue. In the instant motion, Contreras does not challenge the jury's finding on the Lake City ammunition, and thus the Court does not address it either.

1

that day, the jury returned a verdict of guilty. Thereafter, Contreras filed the instant motion for judgment of acquittal.

II.     Law and Analysis.

The standard for evaluating a defendant's motion for acquittal is whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781 (1979). Thus, the Court's task at this stage is to view not only the evidence, but also all reasonable inferences, in the light most favorable to the Government. See United States v. Mendoza, 522 F.3d 482, 488 (5th Cir. 2008). "[A]ll credibility determinations are made in the light most favorable to the verdict." Id. (quoting United States v. Moreno, 185 F.3d 465, 471 (5th Cir. 1999)). "In effect, the court assumes the truth of the evidence offered by the prosecution." United States v. Robertson, 110 F.3d 1113, 1117 (5th Cir. 1997). The Court reviews the sufficiency of circumstantial evidence in the same manner that it reviews the sufficiency of direct evidence. See United States v. DeJean, 613 F.2d 1356, 1358 (5th Cir. 1980). Moreover, "[a]ll evidence is considered, not just that supporting the verdict, but the evidence need not conclusively disprove alternatives; the jury is free to choose among reasonable constructions of the evidence." United States v. Peterson, 244 F.3d 385, 389 (5th Cir. 2001) (internal marks omitted). "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt . . . ." United States v. Lopez, 74 F.3d 575, 577 (5th Cir. 1996).

"Circumstances altogether inconclusive, if separately considered, may, by their number and joint operation, especially when corroborated by moral coincidences, be sufficient to constitute conclusive proof." United States v. Vasquez, 677 F.3d 685, 692 (5th Cir. 2012). "Jurors may properly 'use their common sense' and 'evaluate the facts in light of their common knowledge of the natural tendencies and inclinations of human beings.'" Id. (quoting United States v. Ayala, 887 F.2d 62, 67 (5th Cir. 1989)).

Therefore, this Court will not weigh the evidence or assess the credibility of witnesses, Lopez, 74 F.3d at 577, but rather should determine "only whether the jury made a rational decision, not whether its verdict was correct on the issue of guilt or innocence." United States v. Dean, 59 F.3d 1479, 1484 (5th Cir. 1995). However, "[a] verdict may not rest on mere suspicion, speculation, or conjecture, or on an overly attenuated piling of inference on inference." United States v. Moreland, 665 F.3d 137, 149 (5th Cir. 2011). "If the evidence is relatively balanced, a reasonable juror could not convict beyond a reasonable doubt . . . ." Peterson, 244 F.3d at 389. Under those circumstances, the Court should grant the Defendant's motion.

In the instant case, viewing the evidence in the requisite light most favorable to the prosecution and drawing all reasonable inferences in support thereof, the Court finds that there was sufficient evidence to support Contreras's conviction. To establish his guilt, the Government was required to prove the following four elements: (1) that Contreras knowingly possessed a firearm or ammunition as charged; (2) that at the time of the possession, Contreras was an alien illegally or unlawfully in the United States; (3) that at the time of possession, Contreras knew he was an alien illegally or unlawfully in the United

States; and (4) that the firearm and ammunition possessed traveled in or affected interstate commerce. At trial, Contreras stipulated to all elements of the crime alleged except for whether or not he was in the country unlawfully and whether or not he knew of his unlawful status. However, in the instant motion, Contreras does not challenge the second element—whether he was an unlawful alien—but instead challenges only the sufficiency of the evidence on the third element—whether or not he knew he was unlawful. Accordingly, the Court does not address the sufficiency of the evidence on element two, but rather focuses solely on element three.

The Court finds Contreras's knowledge of being an unlawful alien was sufficiently proven for the jury to determine his guilt beyond a reasonable doubt. The evidence established the following facts and led to the following reasonable inferences. Contreras knew he was born in Mexico and knew he was not a citizen of the United States. Record Document 61-1, p. 19. At trial, through both testimony and documentation, Contreras admitted he entered the country unlawfully, that is, he illegally crossed the border from Mexico into the United States. Id. at p. 20. As of 2018, Contreras knew he was in removal proceedings and knew that the federal government had initiated the process to have him removed from the country due to his illegal status. Id. at pp. 33-45. Contreras affirmatively filed two applications with the immigration court to be allowed to stay in the country, despite his illegal entry. Id. at p. 19, 24. Evidence introduced at trial established that Contreras received documentation from the Department of Homeland Security- U.S. Citizenship and Immigration Services, which informed him "THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS." Id. at p. 17. The evidence demonstrated that

4

Contreras knew his immigration applications were still pending, he knew that he had not completed the immigration process, and he knew he had not received permission to stay in the country permanently. See Record Document 61.

Furthermore, the jury was instructed on the definition of the term alien:

> The term "alien" means any person who is not a natural-born or naturalized citizen of the United States. As relevant in this case, an alien who entered the country without permission of the Department of Homeland Security or the Attorney General of the United States is present unlawfully. An unlawful alien remains "unlawful" even if he has filed an application to change his immigration status. In other words, an alien is considered to be unlawful until his immigration applications have been approved by the government.

Record Document 63, p. 9. Contreras agreed this was a correct statement of the law and did not contest this definition which was provided to the jury. As such, it was reasonable for the jury to infer that because Contreras knew he entered the country unlawfully and knew his immigration applications had not been granted, then he knew he was still in the country illegally. The evidence, coupled with the jury instruction on "alien," supported the jury's determination that Contreras remained unlawful even though he had immigration applications pending.

While it is true that the immigration court placed Contreras on an immigration bond, Contreras's assertion that the bond undercuts proof of his knowledge is belied by the other contradictory evidence in the record. Further, the jury was presented with this defense and plainly rejected it. The rejection is reasonable, given that Contreras knew his presence was not "lawful," he knew removal proceedings were still pending against him, he knew his immigration bond was conditional, and he knew the documentation from DHS informed him that he had not been granted any immigration status or benefits. As set forth above,

the evidence at trial "need not conclusively disprove alternatives; the jury is free to choose among reasonable constructions of the evidence." Peterson, 244 F.3d at 389. Although the immigration process may be confusing to a layperson, that does not negate the reasonable inferences reached by the jury that Contreras knew he was unlawfully in the United States.

III.   Conclusion.

After a thorough review of the record, the Court finds that there was substantial evidence from which a rational jury could conclude beyond a reasonable doubt that Contreras was guilty on Count One. Accordingly,

**IT IS ORDERED** that the motion for judgment of acquittal [Record Document 70] be and is hereby **DENIED**.

**THUS DONE AND SIGNED** this 8th day of December, 2022.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE